**FILED**

March 31, 2021

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS

BY: _____ **JU**

DEPUTY

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| DORA ALEXANDER, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| *v.* | § | Civil No. SA-19-cv-0721-OLG |
| | § | |
| WAL-MART, INC. and WAL-MART | § | |
| STORES TEXAS, LLC, | § | |
| | § | |
| *Defendants.* | § | |

## <u>MEMORANDUM OPINION AND ORDER</u>

On this day, the Court considered the Motion for Summary Judgment filed by Defendant Wal-Mart, Inc. (docket no. 22) and the Motion for Partial Summary Judgment filed by Defendant Wal-Mart Stores Texas, LLC (docket no. 23) (collectively, the "Motions"). Having considered the Motions, the parties' briefing and the summary judgment evidence, the Court finds that Defendant Wal-Mart, Inc.'s motion should be granted and Wal-Mart Stores Texas, LLC's motion should be granted in part and denied in part.[1]

### BACKGROUND

This case involves claims related to bodily injuries allegedly suffered by Plaintiff Dora Alexander ("Plaintiff") when she slipped and fell on October 17, 2017 while shopping at a "Walmart Supercenter" store located at 1603 Vance Jackson Road, San Antonio, Texas 78213 (the "Premises" or the "Walmart Supercenter"). In this case, Plaintiff asserts claims for (i) general

---

[1] Also before the Court is Defendant Wal-Mart Stores Texas, LLC's Motion to Strike Plaintiff's Response. *See* docket no. 25. For the reasons set forth in note 10, *infra*, that motion will be denied as moot.

negligence, (ii) premises liability, and (iii) negligent undertaking against both Wal-Mart, Inc. ("Wal-Mart, Inc.") and Wal-Mart Stores Texas, LLC ("Wal-Mart LLC").

On November 20, 2020, Wal-Mart, Inc. filed a Motion for Summary Judgment in which Wal-Mart, Inc. seeks summary judgment as to each of Plaintiff's claims. *See* docket no. 22. Wal-Mart, Inc.'s motion contends that it is entitled to summary judgment because Plaintiff has no evidence that Wal-Mart, Inc. owned or operated the Premises and/or otherwise owed a duty to Plaintiff at the time of the incident. *See id*. On the same date, Wal-Mart LLC filed a Motion for Partial Summary Judgment in which Wal-Mart LLC seeks summary judgment as to Plaintiff's general negligence and negligent undertaking claims. *See* docket no. 23. That motion argues that, under Texas law, a claim that is based on a premise's condition (rather than on a negligent activity) may be asserted only as a premises liability claim and not as a general negligence or negligent undertaking claim. *See id*. On December 23, 2020, more than two weeks after Plaintiff's deadline to respond to the motions, Plaintiff filed a response brief. *See* docket no. 24. Plaintiff's response brief does not respond to Wal-Mart, Inc.'s arguments or motion, and instead only responds to Wal-Mart LLC's request for partial summary judgment. *See id*. On December 30, 2020, Wal-Mart LLC filed a Motion to Strike Plaintiff's Response, and in the alternative, a reply brief in support of its Motion for Partial Summary Judgment. *See* docket no. 25.

## LEGAL STANDARD

Under the Federal Rules of Civil Procedure, summary  judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issues as to any material fact and that the moving party is entitled to judgment as a matter of law." *See* Fed. R. Civ. P. 56(c). In making the determination of whether a genuine issue of material fact exists, the court reviews the facts and inferences to be

drawn from them in the light most favorable to the non-moving party. *Reaves Brokerage Co., Inc. v. Sunbelt Fruit & Vegetable Co., Inc.,* 336 F.3d 410, 412 (5th Cir. 2003).

At the summary judgment stage, the movant bears the burden of identifying those portions of the record it believes demonstrate the "absence of a genuine issue of material fact." *Lincoln Gen. Ins. Co. v. Reyna,* 401 F.3d 347, 349 (5th Cir. 2005). However, the movant need not negate the elements of the non-movant's case. *See Boudreaux v. Swift Transp. Co.,* 402 F.3d 536, 540 (5th Cir. 2005). The moving party may meet its burden "by pointing out 'the absence of evidence supporting the nonmoving party's case.'" *Duffy v. Leading Edge Products, Inc.,* 44 F.3d 308, 312 (5th Cir. 1995) (quoting *Skotak v. Tenneco Resins, Inc.,* 953 F.2d 909, 913 (5th Cir. 1992)). If the movant satisfies its burden, the non-moving party must present specific facts which show "the existence of a genuine issue concerning every essential component of its case." *Am. Eagle Airlines, Inc. v. Air Line Pilots Ass'n, Int'l,* 343 F.3d 401, 405 (5th Cir. 2003) (citation and internal quotation marks omitted); *see also Lincoln Gen. Ins. Co.*, 401 F.3d at 349. At the summary judgment stage, the non-movant cannot meet its burden with "conclusory allegations" or "unsubstantiated assertions." *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 399 (5th Cir. 2008). In the absence of any proof, the court will not assume that the non-movant could or would prove the necessary facts. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (citing *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990)).

A genuine issue of material fact exists when the evidence is such that a reasonable jury could return a verdict for the non-movant. *Tamez v. Manthey,* 589 F.3d 764, 769 (5th Cir. 2009) (citing *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986)). "As to materiality, the substantive law will identify which facts are material." *Anderson,* 477 U.S. at 248. "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude

the entry of summary judgment." *Id.* "Factual disputes that are irrelevant or unnecessary will not be counted." *Id.*

## DISCUSSION

Plaintiff asserts claims for general negligence, premises liability, and negligent undertaking against both Defendant Wal-Mart, Inc. and Defendant Wal-Mart Stores Texas, LLC.[2] To recover against a defendant under a theory of general negligence, a plaintiff must provide evidence of the following elements: (1) the defendant owed a legal duty or duties to the plaintiff; (2) the defendant breached such duty or duties; and (3) the breach was the proximate cause of the plaintiff's damages. *See Western Invs. v. Urena*, 162 S.W.3d 547, 550 (Tex. 2005). "Premises liability is a special form of negligence where the duty owed to the plaintiff depends upon the status of the plaintiff at the time the incident occurred." *Urena*, 162 S.W.3d at 550. To recover against a defendant under a theory of premises liability, a business invitee, such as Plaintiff in this case, must prove: (1) actual or constructive knowledge of some condition on the premises by the owner or operator; (2) the condition posed an unreasonable risk of harm; (3) the owner or operator did not exercise reasonable care to reduce or eliminate the risk; and (4) the owner or operator's failure to use such care proximately caused Plaintiff's injuries. *Wal-Mart Stores, Inc. v. Gonzalez*, 968 S.W.2d 934, 936 (Tex. 1998). Finally, to prevail under a theory of "negligent undertaking," a plaintiff must first demonstrate that a defendant acted in a way that requires the imposition of a duty where one otherwise would not exist. *See Nall v. Plunkett*, 404 S.W.3d 552, 555-56 (Tex. 2013). Once this is established, a plaintiff must then prove that: (1) the defendant undertook to perform services that it knew or should have known were necessary for the plaintiff's protection;

---

[2] Plaintiff's response indicates that it may have been Plaintiff's intention to assert a claim for "negligent activity" rather than a claim for "negligent undertaking." *See* docket no. 24 ¶¶ 1.1, 4.4, 4.6.

and (2) the defendant failed to exercise reasonable care in performing those services and either: (a) the plaintiff relied upon the defendant's performance; or (b) the defendant's performance increased the plaintiff's risk of harm. *See id*.

## I.       Wal-Mart, Inc.'s Motion for Summary Judgment

Wal-Mart, Inc.'s motion asserts that Plaintiff has no evidence that Wal-Mart, Inc. owned or operated the Premises and/or otherwise owed a duty to Plaintiff at the time of the incident. *See* docket no. 22. On that basis, Wal-Mart, Inc.'s motion requests summary judgment on each of Plaintiff's three theories of relief. *See id*. Plaintiff did not respond to Wal-Mart, Inc.'s motion, nor has Plaintiff provided summary judgment evidence demonstrating that Wal Mart, Inc. owned or operated the Premises and/or otherwise owed Plaintiff any duty at the time of the alleged fall. Thus, Plaintiff has failed to satisfy its burden of presenting specific summary judgment evidence that shows the existence of a genuine issue as to those material elements of Plaintiff's claims against Defendant Wal-Mart, Inc. *See Am. Eagle Airlines, Inc.*, 343 F.3d at 405. Accordingly, Wal-Mart, Inc. is entitled to summary judgment as to each of Plaintiff's claims, and Wal-Mart, Inc.'s Motion for Summary Judgment will be granted.

## II.      Wal-Mart LLC's Motion for Partial Summary Judgment

Wal-Mart LLC does not seek summary judgment as to Plaintiff's premises liability claim,[3] and that claim will proceed to trial. Instead, at issue in Wal-Mart LLC's Motion for Partial Summary Judgment is whether Plaintiff's general negligence and negligent undertaking claims also should proceed to trial. Having reviewed the motion, the parties' summary judgment evidence, and the applicable law, the Court concludes that they should not.

---

[3] As noted below, Wal-Mart LLC does appear to request summary judgment as to one sub-issue related to Plaintiff's premises liability claim.

Plaintiff's allegations and summary judgment evidence make clear that Plaintiff's alleged injuries occurred as the result of a "liquid substance" on the floor of the Premises. *See* docket no. 24-1 ¶ 4.2. Under Texas law, a plaintiff injured on another's property may have "either a negligence claim or a premises-liability claim against a property owner." *Occidental Chem. Corp. v. Jenkins*, 478 S.W.3d 640, 644 (Tex. 2016). A claim for "negligent activity [and/or general negligence] encompasses a malfeasance theory based on affirmative, contemporaneous conduct by the owner that caused the injury, while premises liability encompasses a nonfeasance theory based on the owner's failure to take measures to make the property safe." *Del Lago Partners, Inc. v. Smith*, 307 S.W.3d 762, 776 (Tex. 2010). When a claim is based on a premises condition and not a contemporaneous negligent activity, a general negligence claim and/or negligent activity claim is precluded. *H.E. Butt Grocery Co. v. Warner*, 845 S.W.2d 258, 259 (Tex. 1992); *Keetch v. Kroger Co.*, 845 S.W.2d 262, 264 (Tex. 1992). Importantly, the Supreme Court of Texas has consistently held that, in cases in which a store patron is injured after slipping on a liquid on the floor, such claims involve a "premises condition" that may serve as the basis for a premises liability theory but may not serve as the basis of a general negligence or negligent activity claim. *See Warner*, 845 S.W.2d at 259 (finding that plaintiff was "injured by a condition of the premises—a puddle of water, chicken blood, and other fluids that had accumulated on the floor—rather than [the store employee's purportedly negligent failure to pre-bag the chicken in question]"); *Keetch*, 845 S.W.2d at 264 (holding that a plaintiff who slipped on water that an employee had sprayed on the floor could not recover under theories of general negligence or negligent activity because the employee had sprayed the water 30 minutes before plaintiff's fall and "there was no ongoing activity when [plaintiff] was injured"); *Castro v. H.E.B. Grocery Co., L.P.*, 14-18-00277-CV, 2019 WL 2518481, at *3 (Tex. App.—Houston [14th Dist.] June 18, 2019, no pet.) ("The Supreme Court of Texas has consistently treated slip-and-fall cases as premises-defect causes of action.").

Indeed, it is only when a plaintiff's injuries are directly caused by a *contemporaneous* negligent activity that a plaintiff may pursue a claim under a general negligence and/or negligent activity theory. *See Wal-Mart Stores, Inc. v. Garza*, 27 S.W.3d 64, 67 (Tex. App.—San Antonio 2000, pet. denied) (holding that plaintiff could not proceed on a theory of premises liability because plaintiff was injured by contemporaneous activity of employee removing item from shelf).

Notwithstanding the clarity and consistency of the relevant precedent, Plaintiff argues that her claim can also be framed as a general negligence claim because the Walmart Supercenter's assistant manager—Deborah Flores ("Flores")—"failed to follow Defendants' safety policies" and "decided to leave the water on the floor without putting a cone [ ] or calling another associate to come and stand guard over the water to prevent any person from walking into the water." Docket no. 24 p. 9. But—as described in detail above—Plaintiff's proposition cuts squarely against the clear precedent of the Supreme Court of Texas. Notably, *any* premises liability claim could be reframed as a general negligence or negligent activity claim if all a plaintiff had to do was identify something that some store employee should have done differently, and for that exact reason, the Supreme Court of Texas has specifically rejected such an extension to negligence liability. *See Keetch*, S.W.2d at 264 ("At some point, almost every artificial condition can be said to have been created by an activity. We decline to eliminate all distinction between premises conditions and negligent activities."). For that exact reason, Texas courts have made clear that an employee's nonfeasance (such as that alleged in this case) does not constitute a "contemporaneous" negligent activity, and instead may only serve as the basis for a premises liability claim. *See Del Lago Partners*, 307 S.W.3d at 776; *Castro*, 2019 WL 2518481, at *3. Indeed, because the law in this area is so clear cut—and analogous cases are so common, *see id*. (collecting cases)—the Court is a bit surprised that it is having to resolve this issue in this case. In sum, clear precedent dictates that Plaintiff's allegations in this case should proceed as a claim for premises liability, and

Defendant Wal-Mart LLC is entitled to summary judgment as to Plaintiff's "general negligence" claim. Additionally, to the extent it was Plaintiff's intention to also assert a "negligent activity" claim, Wal-Mart LLC is also entitled to summary judgment on that theory for the same reasons.[4]

Plaintiff's response does not even attempt to explain why Plaintiff's "negligent undertaking" claim survives summary judgment. Indeed, such a theory appears inherently inconsistent with Plaintiff's theory of premises liability in this case.[5] Specifically, to succeed on a "negligent undertaking" claim, a plaintiff must first demonstrate that a defendant acted in a way that requires the imposition of a duty where one otherwise would not exist. *See Torrington Co. v. Stutzman*, 46 S.W.3d 829, 838-39 (Tex. 2000). Plaintiff's premises liability is premised on the duty that Wal-Mart LLC purportedly owed Plaintiff by virtue of her status as an invitee. *See United Scaffolding, Inc. v. Levine*, 537 S.W.3d 463, 471 (Tex. 2017) (noting that business owed invitee the duty to "use ordinary care to reduce or eliminate an unreasonable risk of harm created by a premises condition which the owner . . . knows about or in the exercise of ordinary care should know about."). Indeed, if Wal-Mart LLC and/or Flores did not owe Plaintiff a duty in the first instance, then Plaintiff's premises liability claim would also fail. *See Hyde v. Hoerauf*, 337 S.W.3d 431, 436 (Tex. App.—Texarkana 2011, no pet.) ("If no duty exists, then no legal liability for a premises liability claim can arise."). Of course, Plaintiff has not argued as much, and instead,

---

[4] Although Plaintiff's Complaint asserts a "negligent undertaking" claim, Plaintiff's response repeatedly references Plaintiff's claim for "negligent activity." *See* docket no. 24 ¶¶ 1.1, 4.4, 4.6. As noted throughout this section, the same precedent that precludes Plaintiff's claim for "general negligence" also precludes Plaintiff's claim based on any purported "negligent activity."

[5] For this reason, the Court assumes either that (i) it was Plaintiff's intention to assert a "negligent activity" claim rather than a "negligent undertaking" claim (*see* note 2, *supra*), or (ii) it was Plaintiff's intention to assert its "negligent undertaking" claim in the alternative to its premises liability claim.

Plaintiff repeatedly argues the opposite.[6] On this basis alone, it is apparent that Plaintiff cannot satisfy the requisite elements of a claim for negligent undertaking.[7] Accordingly, Wal-Mart LLC's Motion for Partial Summary Judgment will be granted as to that claim as well.

In sum, Plaintiff has not identified any summary judgment evidence demonstrating that Plaintiff's injuries occurred as the result of the type of "contemporaneous negligent activity" necessary to support a general negligence or negligent activity claim. Similarly, Plaintiff has made no attempt to demonstrate that her evidence may satisfy the requisite elements for a negligent undertaking claim. Instead, the record evidence clearly demonstrates that a premises liability claim is Plaintiff's potential avenue for relief in this case. Accordingly, Wal-Mart LLC's Motion for Partial Summary Judgment will be granted as to Plaintiff's general negligence and negligent undertaking claims.

Finally, the Court notes that Wal-Mart LLC also requests summary judgment as to Plaintiff's "allegation that [Wal-Mart LLC] created the [dangerous] condition" that serves as the

---

[6] For example, Plaintiff specifically alleges that Defendant "owed Plaintiff a duty to inspect the premises and maintain them in a reasonably safe condition." Docket no. 24-1 ¶ 5.8.

[7] The "duty" element of Plaintiff's "negligent undertaking" claim is not the only element for which evidence appears to be lacking. Indeed, a plaintiff seeking to recover on a theory of "negligent undertaking" must also demonstrate that the negligent conduct of the tortfeasor "increased the risk of harm to Plaintiff." In this case, Plaintiff has not provided any evidence (or even argument) that Flores's nonfeasance (or other conduct) *itself* increased the risk of harm to Plaintiff. Indeed, inherent in Plaintiff's premises liability claim (and evidence) is that the condition (liquid on the floor) *already* presented the risk that ultimately resulted in Plaintiff's injury, and there is no evidence indicating that Flores's inaction *increased* that risk. Nor is there any evidence that Plaintiff was aware that Defendants' or their employees were attempting to take steps to clean up the liquid substance. Indeed, Plaintiff testified that she was unaware of the liquid on the floor prior to her fall. *See* docket no. 24-3 at 20:9-11. Thus, it is unclear how Plaintiff specifically "relied" on Defendants and/or their employees to use "reasonable care" when engaged in the "undertaking" that supposedly serves as the basis for Plaintiff's claim. In sum, there appear to be multiple reasons why Plaintiff's "negligent undertaking" claim is not the proper vehicle for Plaintiff's recovery in this case, and it is probably for that reason that Plaintiff's response did not attempt to explain why such a theory should survive summary judgment.

basis for Plaintiff's premises liability claim. *See* docket no. 23 p. 4. Based on Plaintiff's response, it is unclear whether Plaintiff contests that issue.[8] In any event, however, neither party explains why the Court should resolve this issue at this stage (if it is even disputed). Notably, a defendant's personal "creation of the condition" is not a necessary element of a premises liability claim. For that reason, the Court will decline to enter "judgment" as to the issue, at least until it is clear that the issue is actually contested and/or the parties have provided additional argument on the topic. Accordingly, Wal-Mart LLC's Motion for Partial Summary Judgment will be denied to the extent it seeks summary judgment as to the specific issue of who was responsible for "creating" the "condition" in question, but without prejudice to Wal-Mart LLC raising the issue again at subsequent stages of the case.

## CONCLUSION AND ORDER

For the reasons set forth above, Defendant Wal-Mart, Inc.'s Motion for Summary Judgment (docket no. 22) is **GRANTED**, and Defendant Wal-Mart Stores Texas, LLC's Motion for Partial Summary Judgment (docket no. 23) is **GRANTED IN PART** and **DENIED IN PART**. Specifically, Wal-Mart Stores Texas, LLC's motion is granted as to Plaintiff's "general negligence" and "negligent undertaking" claims[9] and denied only to the extent that Defendant also requested "summary judgment" as to a sub-issue regarding Plaintiff's remaining premises liability claim. Only Plaintiff's premises liability claim against Defendant Wal-Mart Stores Texas, LLC shall proceed to trial in this case.

---

[8] Plaintiff's response concedes that "[i]t is undisputed that the water was not placed on the floor by Defendant or Defendant's employees." Docket no. 24 p. 9.

[9] To the extent it was Plaintiff's intention to actually assert a "negligent activity" claim rather than a "negligent undertaking" claim, Wal-Mart Stores Texas, LLC is entitled to summary judgment as to that theory of relief as well. *See* notes 2 & 4, *supra*.

It is further **ORDERED** that Defendant Wal-Mart Stores Texas, LLC's Motion to Strike Plaintiff's Response (docket no. 25) is **DENIED AS MOOT**.[10]

It is so **ORDERED**.

**SIGNED** this 31st day of March, 2021.

ORLANDO L. GARCIA
Chief United States District Judge

---

[10] Defendant Wal-Mart Stores Texas, LLC's reply brief requests—in the alternative—that Plaintiff's response brief be stricken as untimely. *See* docket no. 25. There is no indication that Defendant Wal-Mart LLC was prejudiced by Plaintiff's late filing, as Defendant had an opportunity to file a reply brief (and in fact did so). Additionally, the Court considered the substance of Plaintiff's response brief, and as discussed above, the Court was not persuaded by the arguments contained therein. Because the response brief and Defendant's reply brief have both been considered, the Court finds it appropriate to deny Defendant's Motion to Strike as moot.